FILED

08 APR 29 PM 3:43

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VARGAS-GARCIA,<br><br>         Defendant-Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | CASE NO. 07-CV-2361 W<br>06-CR-0998 W<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On December 18, 2007, Petitioner Jose Vargas-Garcia ("Petitioner"), a federal prisoner proceeding *pro se*, commenced this Section 2255 habeas corpus proceeding. Respondent United States of America ("Respondent") opposes. The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the petition (Doc. No. 35).

## I.  BACKGROUND

On April 10, 2006, Petitioner was arrested near the Tecate, California Port of Entry. The next day, a complaint was filed charging Petitioner with being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

On May 6, 2006, Petitioner was indicted. On July 3, 2006, Petitioner pled guilty. On October 17, 2006, Petitioner was sentenced to 54 months in prison. Petitioner did not appeal his conviction.

On December 18, 2007, Petitioner filed this Petition, raising two grounds for relief. First he alleges ineffective assistance of counsel based on his attorney's alleged misunderstanding of the legal definition of "entry." Second, Petitioner asserts that he is innocent under the proper legal definition of "entry."

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a Section 2255 habeas petition must be filed within one year from the date the conviction becomes final. 28 U.S.C. § 2255 (1).

Petitioner contends that the one-year limitations period "does not begin until the 90 days that defendant has to file his Writ of Certioari [sic] with the Supreme Court has expired." (Doc. No. 18, p.13.) Thus, Petitioner's asserts that his Petition is timely because the limitations period did not begin to run until approximately January 29, 2007.

But the limitations period is extended by the 90-day writ of certiorari period only where the defendant seeks direct review of the judgment:

> When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to Supreme Court, even when no certiorari petition has been filed. *Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). By parity of reasoning, when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed.

Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (recognizing that the two circuits to

address the issue have held that an unappealed federal criminal judgment "becomes final when the time for filing a direct appeal expires.").

Because Petitioner did not file a direct appeal, the one-year limitations period began to run on or about October 30, 2006, when the deadline for filing a direct appeal expired. Id.; Fed. R. App. P. 4(b)(1)(A)(i). Thus, the Petition had to be filed no later than October 31, 2007.

The federal habeas limitations period is equitably tolled where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). This doctrine applies only when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." Id. Petitioner does not contend that he is entitled to equitable tolling, nor does he present any facts that could support such a claim. Accordingly, because the Petition was not filed until December 18, 2007, Petitioner's claims are time barred.

### III. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's petition for writ of habeas corpus (Doc. No. 35). The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

DATE: April 28, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California